**In the Matter of Alexander S. FISCH, Bankrupt.**

**No. 54821.**

United States District Court
E. D. New York.

April 8, 1959.

Theodore Blatt, New York City, Herman G. Robbins, Brooklyn, N. Y., of counsel, for bankrupt.

Krause, Hirsch, Gross & Heilpern, New York City, for trustee.

ZAVATT, District Judge.

This is a petition to review the decision of the Referee made and dated January 28, 1959 wherein and whereby the Referee sustained the specifications of, objection to the discharge of the bankrupt upon the ground that, on or about June 27, 1957, the bankrupt obtained from the Manufacturers Trust Company a loan of $1,512 in reliance upon a materially false statement made by the bankrupt in writing respecting his financial condition. In his decision, the Referee found that the trustee had made out a prima facie case and that the bankrupt had failed to sustain his burden of proof. He thereupon sustained the specifications of objection and denied the bankrupt a discharge in bankruptcy.

The record shows that, before the bankrupt came to America in 1948, he studied law in Czechoslovakia; received a law degree and worked for a lawyer, on and off, for about two years; that he spent ten years in England during which time he served in the Army from 1939 to 1944 and worked for various importers and exporters in England from 1944 to 1948 when he came to the United States.

Since 1948 he has been in the importing business importing woodenwares and housewares from Japan. Prior to 1953 it appears that he conducted his business, either in his individual name or under a trade name and incorporated the business as Sanda Products Corporation in April of 1953.

The record does not indicate whether or not the bankrupt, while conducting his importing business in other than corporate form, had any financial dealings with the Irving Trust Company. But it does appear that, on April 13, 1953 (after Sanda Products Corporation had been incorporated) the bankrupt guaranteed in writing to the Irving Trust Company "the payment at maturity of all existing or future bills, notes, checks, drafts and all other existing or future debts or liabilities, direct or contingent, made or endorsed, or in any way contracted by Sanda Products Corp. * * * ." This guarantee was signed by the bankrupt in the office of his attorney after his attorney explained to him the contents of the guarantee. The record does not indicate what obligations, if any, of Sanda Products Corporation to the Irving Trust Company existed as of the date of the signing of this guarantee, or what debts or liabilities of Sanda Products Corporation there were from April 13, 1953 to March 18, 1957. On March 18, 1957 Sanda Products Corporation, by the bankrupt as its President, executed and delivered to the Irving Trust Company its promissory note in the sum of $23,650 payable sixty days after date. In view of the testimony of the bankrupt as to how Sanda Products Corporation financed its importing business from 1953 on, it could be inferred that this promissory note, dated March 18, 1957, was a renewal note of a previous note of Sanda Products Corporation which became due on or about March 18, 1957 and the record indicates that Sanda Products Corporation did most of its financing in connection with its importing business with Irving Trust Company from 1953 on. This promissory note of Sanda Products

Corporation was paid out of the proceeds of a renewal demand note dated May 17, 1957, executed and delivered by Sanda Products Corporation, by the bankrupt as its President, to Irving Trust Company on May 17, 1957. Therefore, the bankrupt was the guarantor of the payment of this note.

On June 27, 1957 the bankrupt applied to the Manufacturers Trust Company for a personal loan in the sum of $1,512 and on that date signed a written application for this loan in which he listed as his obligations "as Borrower, Co-Maker, Indorser, Guarantor, Mortgagor, Purchaser or otherwise with any Bank, Loan, Instalment, Finance Company, Store or other Creditors" only an unpaid balance of $660. which he personally owed to Bankers Trust Company. In fact he was the guarantor of the promissory note of Sanda Products Corporation in the sum of $22,400, dated May 17, 1957, payable to Irving Trust Company, which note he had signed as President of the Sanda Products Corporation and which note was, on June 27, 1957, unpaid.

The Referee found that Manufacturers Trust Company loaned the sum of $1,512 to the bankrupt on July 5, 1957, at which time the bankrupt signed his personal promissory note in that amount payable to Manufacturers Trust Company and that Manufacturers Trust Company made the loan in reliance upon the bankrupt's written application therefor.

Although the bankrupt was the sole stockholder of the issued and outstanding stock of Sanda Products Corporation, and its President, and, as the Referee found, "owned or controlled" Sanda Products Corporation and, as the Referee further found " * * * on June 27, 1957 the bankrupt was operating through a corporation known as Sanda Products Corporation", the bankrupt claims that, on June 27, 1957, he did not know that he had signed the said guarantee to Irving Trust Company, dated April 13, 1953, and that, therefore, this explanation was sufficient to overcome the prima facie case which the trustee made out when he established before the Referee

that the bankrupt's written application of June 27, 1957 was, in fact, false.

The principles which govern the review of the Referee's determination are set forth in the opinion of this Court In Matter of Stone (In Matter of Stone), D.C., 172 F.Supp. 142.

The Referee's findings are far from being clearly erroneous and his decision sustaining the said objection to the discharge of the bankrupt must be affirmed.

Conclusion

The decision of the Referee denying the discharge in bankruptcy of Alexander S. Fisch is affirmed.

Settle order on notice.